# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDALL GENE LOONEY II** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13459** |
| **GARLAND DPS OFFICE AND DEPUTY DAN SCHEEL** | **SECTION "B"(2)** |

## ORDER AND REASONS

Pro se plaintiff Randall Gene Looney II is an inmate currently incarcerated in the Henderson County Jail in Athens, Texas. He filed the captioned lawsuit in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against defendants the Garland DPS Office and Garland, Texas, Deputy Dan Scheel. Plaintiff alleges that Deputy Scheel violated his constitutional rights when he denied him assistance of counsel during an interrogation interview. Record Doc. No. 1, ¶IV (Complaint). He requests monetary compensation and appointment of counsel. Id., ¶V.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this

---

[1] The court has instructed the Clerk of Court by separate order to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Eastern District of Texas.

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice.  For example, a magistrate judge's transfer of a prisoner's case to the district in which his claims allegedly arose has been held proper by the United States Court of Appeals for the Fifth Circuit.  Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

The events forming the factual basis of plaintiff's claim allegedly occurred in Henderson County, Texas, which is located within the boundaries of the Tyler Division of the Eastern District of Texas.  28 U.S.C. § 124(c)(1).  No defendant is alleged to reside in or to be located within the Eastern District of Louisiana.  None of the alleged factual events that form the basis of this lawsuit occurred in this district.  Every fact, every party, all potential proof relating to the complaint are connected to the Eastern District of Texas. Venue is not proper in the Eastern District of Louisiana.  On the other hand, the court finds that venue is proper in the Eastern District of Texas, and the interests of justice dictate that this case be transferred, rather than being dismissed on grounds of improper venue.  A magistrate judge is authorized to transfer to another district a complaint asserting claims based upon events occurring in that district. Balawajder, 160 F.3d at 1067.  Accordingly,

**IT IS ORDERED** that the instant matter is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division.

New Orleans, Louisiana, this ___9th___ day of September, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE